UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

UNITED STATES OF AMERICA,          :

            - v -                  :     99 Cr. 740 (LMM)

DANNY REYES,                       :     MEMORANDUM AND ORDER

            Defendant.             :

------------------------------------x

McKENNA, D.J.,

The above defendant moves, pursuant to Fed. R. Crim. P. 29, for judgment of acquittal on all counts. The motion is denied as to Counts Three and Four and granted as to Counts One and Two.[1]

As to Counts Three and Four -- charging, respectively, conspiracy to possess with intent to distribute a kilogram of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count Three) and use and carriage of a firearm during and in relation to a crime of violence and a drug trafficking crime (charged in Counts One, Two and Three) in violation of 18 U.S.C. §§ 924(c) and 2 (Count Four) -- the Court, "'giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact,'" finds that, "upon the evidence . . . a reasonable mind might fairly conclude guilt beyond

---

[1] The charges and some of the evidence adduced at trial are described in the Court's decision dismissing Counts One and Two on the motion of co-defendant and co-conspirator Arceny Gomez. United States v. Gomez, No. 99 Cr. 740, 2005 WL 1529701, (S.D.N.Y. Jun. 28, 2005), familiarity with which is assumed.

a reasonable doubt.'" United States v. Guadagna, 183 F.3d 122, 129 (2d Cir. 1999) (quoting Curley v. United States, 160 F.2d 229, 232 (D.C. Cir. 1947)).

Judgment of acquittal is granted as to Counts One and Two -- charging, respectively, conspiracy to commit robbery, in violation of 18 U.S.C. § 1951(a) (Count One) and robbery, in violation of id. and 18 U.S.C. § 2 (Count Two) -- for the reasons set forth in Gomez, 2005 WL 1529701, at *5-*11.

On June 5, 2005, Gonzalez v. Raich, 125 S. Ct. 2195 (2005), not cited by either side in the briefing that led up to Gomez, nor considered by the Court in that decision, was decided. In Raich, the Supreme Court decided that Congress had the power under the Commerce Clause (U.S. Const. art. I, § 8, cl. 3) to regulate and to make illegal the growing, distribution and possession of marijuana as it had in the Controlled Substances Act ("CSA"), 21 U.S.C. § 801 et seq., even in a case where the marijuana was grown and used (for medicinal purposes) within one state, without crossing any state line. Noting that it "need not determine whether respondents' activities, taken in the aggregate, substantially affect interstate commerce in fact, but only whether a 'rational basis' exists for so concluding," 125 S. Ct. at 2208 (quoting United States v. Lopez, 514 U.S. 549, 557 (1995)) (other citations omitted), the Supreme Court concluded that:

> Given the enforcement difficulties that attend distinguishing between marijuana cultivated locally

and marijuana grown elsewhere, 21 U.S.C. § 801(5), and concerns about diversion into illicit channels, we have no difficulty concluding that Congress had a rational basis for believing that failure to regulate the intrastate manufacture and possession of marijuana would leave a gaping hole in the CSA.

Id. at 2209 (footnote omitted).[2]

This Court's Gomez decision does not say that Congress does not have the power to prohibit and penalize any robbery of a dealer in substances covered by the CSA without "offer[ing] some evidence of an effect on interstate commerce." United States v. Farrish, 122 F.3d 146, 149 n.5 (2d Cir. 1997). But that is not what Congress chose to do in the Hobbs Act.

Rather, Congress chose, in enacting the Hobbs Act, to require *proof* that commerce was affected. United States v. Wilkerson, 361 F.3d 717, 726 (2d Cir. 2004). The burden may be minimal; the impact on commerce may be slight or potential or subtle. Id. But there is a burden which must be satisfied by proof (not by an instruction to the jury that Congress has determined the question (see Tr. at 766)), and no proof was offered by the government.

---

[2] The CSA includes relatively extensive findings that "explain why Congress deemed it appropriate to encompass local activities within the scope of the CSA." Id. at 2208 (citing id. at 2203 n.20). See also Proyect v. United States, 101 F.3d 11, 12 (2d Cir. 1996).

3

The Court does not find that <u>Raich</u> counsels a different result than that reached in <u>Gomez</u>.

SO ORDERED.

Dated: March 2, 2006

                                              Lawrence M. McKenna
                                                     U.S.D.J.